# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

In re:  Lawrence Jones,

    Plaintiff,               :          Case No. 3:06-mc-001

                                  District Judge Thomas M. Rose
                                  Chief Magistrate Judge Michael R. Merz

                            :

## REPORT AND RECOMMENDATIONS

      This matter is before the Court upon receipt by the Clerk of a civil cover sheet and a Complaint naming as Defendants Antoney Henderson, Bill Jones, singer Cashmere (out of Cleveland), Charles Hunter, and Henry Tailor.  The Complaint is completely incoherent, making statements about the impoundment of trucks; New Orleans, Louisiana; breach of promise; and taking all of Plaintiff's money, especially in Fairborn, Ohio.  Plaintiff also claims that Antoney Henderson is a bank robber.  Accompanying the Complaint were five summonses and two Marshal Form 185's.  Plaintiff has tendered neither the filing fee nor an application for leave to proceed *in forma pauperis*.

      Plaintiff is presently committed to the Twin Valley Behavioral Healthcare facility, a state mental hospital, bu virtue of a finding of not guilty by reason of insanity in 1980.  The Montgomery County Common Pleas Court earlier this month determined that secure confinement at Twin Valley was the least restrictive confinement consistent with Plaintiff's mental condition.

      The Complaint herein is the sixth matter Plaintiff has filed with this Court since January, 2003.

      Because the Complaint is incoherent, it is respectfully recommended that the Complaint be

dismissed without prejudice for failure to state a claim upon which relief can be granted.

January 18, 2006.

                                                              s/ **Michael R. Merz**
                                                    Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

              Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Jones, Lawrence06 01.wpd